UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAYMOND K.,<br><br>                       Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                       Defendant. | CASE NO. C20-5757-BAT<br><br>**ORDER REVERSING AND REMANDING FOR FURTHER PROCEEDINGS** |

      Plaintiff appeals the ALJ's decision finding him not disabled. The ALJ found status post laminectomy of a herniated cervical disc, cervical degenerative disc disease with radiculopathy and obesity are severe impairments; Plaintiff has the residual functional capacity (RFC) to perform light work with additional limitations; and Plaintiff cannot peform past relevant work but is not disabled because he can perform other work in the national economy. Tr. 15-25. Plaintiff contends the ALJ erroneously discounted his testimony that he cannot work due to pain and the Court should reverse the Commissioner's final decision and remand for further proceedings. Dkt. 11 at 7.

      In assessing Plaintiff's testimony, the ALJ found Plaintiff's imparments could reasonably cause Plaintiff's alleged symptoms. As the ALJ did not find malingering, the ALJ was required to make specific findings stating clear and convincing reasons to reject Plaintiff's testimony.

ORDER REVERSING AND REMANDING FOR FURTHER
PROCEEDINGS - 1

*Smolen v. Chater*, 80 F.3d 1273, 1283-84 (9th Cir. 1996). Plaintiff testified that after his 2015 work accident he has had weakness and numbness in the upper right extremity; suffers from pain that comes and goes; tried to work; has trouble lifting, reaching and using his hands; takes opiods, a muscle relaxer and other pain medications; and he had pain injections which were unhelpful. Tr. 19.

The ALJ discounted Plaintiff's testimony for two reasons. First the ALJ rejected the testimony as "inconsistent with the objective medical evidence." Tr. 19. In support, the ALJ noted the medical record showed Plaintiff had a cervical laminectomy after an accident and "has continued to complain of intermittent neck pain radating to his right hand and arm. Tr. 20. The pain has a sharp quality and he has bilateral carpal spasms. *Id.* Plaintiff has decreased sensation in the right but no other "neuro symptoms. Examination showed spinous process and tenderness though at times he had no tenderness and good range of motion. *Id.* During a consultative examination Plaintiff had tenderness of the spine, upper tapezious and arm but normal strength. Claimant's surgey was assessed as failed spine surgery syndrome. The ALJ also noted the record shows due to pain Plaintiff had an epidural injection which was helpful for only a few days.

This recitation does not set forth specific findings stating clear and convincing reasons to reject Plaintiff's testimony. The recitation does not contradict Plaintiff's testimony he cannot work due to pain. *See* Tr. 42-45 (Plaintiff stopped working as a sand-blaster due to pain "on my right arm and my right side, and because the job irritated his arm and neck; Plaintiff tried working as a car washer and stopped after two weeks because he "was in pain."). Rather it is consistent with Plaintiff's claim he suffered a serious injury and he has been treated for pain and tenderness that has not resolved. Accordingly the Court concludes substantial evidence does not support the ALJ's rationale, and that the ALJ erred.

ORDER REVERSING AND REMANDING FOR FURTHER
PROCEEDINGS - 2

Second, the ALJ discounted Plaintiff's testimony as inconsistent with his activities, noting Plaintiff stripped paint at home for six hours; can lift 10-22 pounds; can do laundry, house cleaning, some cooking, and can walk his daughter to school. Tr. 20. These activities are not transferrable to a work setting, and do not contradict Plaintiff's testimony. The paint stripping appears to be a one time activity, not a regular activity. Plaintiff did not testify he was bedridden, immobile, unable to do household tasks or was lacking in strength and thus could not clean his house or walk his daughter to school. Rather he testified he suffered from pain and numbness that worsened with work activity. He testified he stopped working as a sandblaster and a car washer because the work activity caused him too much pain. Hence Plaintiff's ability to strip paint once, does not contradict his testimony that he attempted to work as a car washer but stopped after two weeks due to pain.

Substantial evidence does not support the ALJ's determination and the Court accordingly concludes the ALJ erred.

The Commissioner contends the Court should affirm the ALJ's decision because Plaintiff did not challenge the ALJ's evaluation of the medical evidence. Dkt. 13. The argument suggests any error the ALJ committed in discounting Plaintiff's testimony is harmless. But that determination, requires a weighing of the evidence either now on appeal or on remand. The ALJ is responsible and authorized to weigh and evaluate the evidence. This is a responsibility the Court cannot take up on appeal. The Court does not stand in the shoes of the ALJ and make factual determinations on appeal that are reserved to the ALJ.

On remand, if the ALJ accepts Plaintiff's testimony that he cannot work due to his pain complaints, the ALJ would be entitled to find Plaintiff disabled. The Court thus declines to weigh the evidence now and make a determination on appeal whether or not Plaintiff's

ORDER REVERSING AND REMANDING FOR FURTHER
PROCEEDINGS - 3

testimony, if given weight, supports a finding of disability or non-disability. That is a determination reserved to the ALJ.

The Court accordingly **REVERSES**, the Commissioner's final decision and **REMANDS** the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reevaluate Plaintiff's testimony, develop the record and redetermine Plaintiff's RFC as needed, and proceed to the remaining steps as appropriate.

DATED this 1st day of February, 2021.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge